## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| SAM CARLISLE, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| LOGICBIO THERAPEUTICS, INC., | ) **FEDERAL SECURITIES LAWS** |
| RICHARD MOSCICKI, LEON CHEN, | ) |
| FREDERIC CHEREAU, MARK ENYEDY, | ) JURY TRIAL DEMANDED |
| J. JEFFREY GOATER, SUSAN R. KAHN, | ) |
| DAPHNE KARYDAS, MARK KAY, and | ) |
| MICHAEL WYZGA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Sam Carlisle ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.     Plaintiff brings this action against LogicBio Therapeutics, Inc. ("LogicBio" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Alexion Pharmaceuticals, Inc. ("Alexion"), a subsidiary of AstraZeneca plc.[1]

2.     On October 3, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Alexion and Alexion's subsidiary, Camelot Merger Sub, Inc. ("Purchaser").  The Merger Agreement provides that LogicBio stockholders will receive $2.07 in cash for each share of Company common stock via a tender offer that Purchaser commenced on October 18, 2022.

3.      The Company's corporate directors subsequently authorized the October 18, 2022, filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement")  with the SEC.  The Solicitation Statement, which recommends that Company stockholders tender their stock in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4.      It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their rights, among other things.[2]

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m. (12:00 midnight), New York City time, on Tuesday, November 15, 2022.

Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of LogicBio common stock.

10.     Defendant LogicBio is a Delaware corporation with its principal executive offices located at 65 Hayden Avenue, 2nd Floor, Lexington, Massachusetts 02421.  LogicBio's shares trade on the Nasdaq Global Market under the ticker symbol "LOGC."  LogicBio is a clinical-stage genetic medicine company focused on developing and commercializing genome editing and gene therapy treatments using its GeneRide and sAAVy platforms.  The Company's genome editing platform, GeneRide, is a new approach to precise gene insertion harnessing a cell's natural deoxyribonucleic acid.  The Company's gene delivery platform, sAAVy, is an adeno-associated virus, which is designed to optimize gene delivery for treatments in a range of indications and tissues.  LogicBio's lead product candidate is LB-001 that is in Phase I/II clinical trials for the treatment of methylmalonic acidemia.

3

11.     Defendant Richard Moscicki is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.     Defendant Leon Chen is and has been a director of the Company at all times relevant hereto.

13.     Defendant Frederic Chereau is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

14.     Defendant Mark Enyedy is and has been a director of the Company at all times relevant hereto.

15.     Defendant J. Jeffrey Goater is and has been a director of the Company at all times relevant hereto.

16.     Defendant Susan R. Kahn is and has been a director of the Company at all times relevant hereto.

17.     Defendant Daphne Karydas is and has been a director of the Company at all times relevant hereto.

18.     Defendant Mark Kay is and has been a director of the Company at all times relevant hereto.

19.     Defendant Michael Wyzga is and has been a director of the Company at all times relevant hereto.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21.     On October 3, 2022, LogicBio announced in relevant part:

LEXINGTON, Mass., Oct. 3, 2022 /PRNewswire/ -- LogicBio® Therapeutics, Inc. (NASDAQ: LOGC), a pioneering clinical-stage genomic medicine company, today announced that it has entered into a definitive agreement under which AstraZeneca Rare Disease will acquire LogicBio.  The proposed acquisition brings LogicBio's unique technology, experienced rare disease R&D team, and expertise in pre-clinical development to support Alexion's growth in genomic medicines.

Fred Chereau, President and Chief Executive Officer, LogicBio, said: "We are excited about the opportunity to bring our science and expertise in genetic medicine to Alexion, which shares our commitment to discovering treatments for rare conditions and improving the lives of patients.  Through this acquisition, we strive to accelerate our research in gene editing and AAV capsid development and together move the field of genomic medicine forward."

LogicBio has developed technology platforms for the delivery and insertion of genes to address genetic diseases, as well as a platform designed to improve viral vector manufacturing processes.  These platforms, coupled with LogicBio's highly experienced team and Alexion's advancements with AstraZeneca, will drive future scientific possibilities and next generation medicines to treat rare genetic diseases.
"The proposed acquisition of LogicBio is a significant development for our growing research in genomic medicine," said Marc Dunoyer, Chief Executive Officer, Alexion, AstraZeneca Rare Disease.  "LogicBio's people, experience and platforms provide new scientific capabilities by adding best-in-class technology and expertise to our genomic medicine strategy.  The scientific collaboration between Alexion and AstraZeneca has been a substantial area of focus since last year's acquisition and the addition of LogicBio will expand this foundational work."

Under the terms of the agreement, Alexion, through a subsidiary, will initiate a cash tender offer to acquire all outstanding shares of LogicBio for $2.07 per share.  Both boards have unanimously approved the transaction.  Alexion plans to close the deal in four to six weeks, subject to the tender of at least a majority of the outstanding shares of LogicBio common stock and satisfaction of other closing conditions, and plans to retain LogicBio employees at their current location.

## The Materially Incomplete and Misleading Solicitation Statement

22.     The Board caused the materially incomplete and misleading Solicitation Statement to be filed with the SEC on October 18, 2022.  The Solicitation Statement, which recommends that LogicBio stockholders vote their shares in favor of the Proposed Transaction,

fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial analyses that support the fairness opinion provided by the Company's financial advisor Centerview Partners LLC ("Centerview"); (b) the background of the Proposed Transaction; and (c) potential conflicts of interest faced by Centerview.

***Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analysis***

23.     The Solicitation Statement fails to disclose material information concerning Centerview's financial analysis.

24.     With respect to the *Discounted Cash Flow Analysis* ("*DCFA*") performed by Centerview, the Solicitation Statement fails to disclose the inputs and assumptions underlying the range of discount rates Centerview used in connection with the analysis, as well as the amount of the Company's fully diluted shares outstanding.

25.     With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and their sources.

***Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction***

26.     The Solicitation Statement fails to disclose material information concerning the background of the Proposed Transaction, including the details of the confidentiality agreement the Company entered into with Party A during the process leading up to the Proposed Transaction, including whether the standstill provision in the confidentiality agreement is a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding Party A from submitting a topping bid for the Company.

***Material Misrepresentations and/or Omissions Concerning Centerview's Potential Conflicts of Interest***

27.     The Solicitation Statement fails to disclose material information concerning Centerview's potential conflicts of interest, including the amount of compensation Centerview received in connection with services provided to Viral Inc. and Prevail Therapeutics Inc. as described on page 43 of the Solicitation Statement.

28.     The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Centerview," and "Background of the Offer and Merger" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act.

29.     Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

30.     Plaintiff repeats all previous allegations as if set forth in full.

31.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting LogicBio stockholders to tender their shares in the Tender Offer.

32.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

33.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in

accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

34.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

35.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

36.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

37.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of LogicBio, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no

adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

39.     Plaintiff repeats all previous allegations as if set forth in full.

40.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

41.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to LogicBio stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Centerview's financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by Centerview.

42.     Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

43.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

44.     Plaintiff repeats all previous allegations as if set forth in full.

45.     The Individual Defendants acted as controlling persons of LogicBio within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of LogicBio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Solicitation Statement at issue

contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

48.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, LogicBio stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and

disseminate the material information identified above to Company stockholders;

          B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

          C.     Declaring that defendants violated Sections 14(d), 14(e), and/or 20(a) of the Exchange Act;

          D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

          E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  October 26, 2022             **LONG LAW, LLC**

                   By:   */s/ Brian D. Long*
                         Brian D. Long (#4347)
                         3828 Kennett Pike, Suite 208
                         Wilmington, DE 19807
                         Telephone: (302) 729-9100
                         Email: BDLong@LongLawDE.com

                         *Attorneys for Plaintiff*